IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40979
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

FERNANDO TREVINO-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the
Southern District of Texas
(M-95-CR-228-1)
_____

August 1, 1997

Before JOHNSON, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fernando Trevino-Rodriguez appeals his sentence following his convictions for conspiracy to possess with the intent to distribute and possession with the intent to distribute more than 50 kilograms of marijuana. He argues that the district court erred in assessing a two-level enhancement pursuant to United States Sentencing Guidelines section 3B1.1(c). Specifically, Trevino-Rodriguez claims that the district court improperly determined that he played a

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

leadership role in the offense.

A district court's finding that a defendant is a leader pursuant to United States Sentencing Guidelines section 3B1.1 is a fact finding that is reviewed for clear error. See United States v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995). After thoroughly reviewing the record in the present case, we determine that insufficient evidence exists indicating that Trevino-Rodriguez was a "leader" for purposes of enhancement under section 3B1.1(c). See United States v. Jobe, 101 F.3d 1046, 1065 (5th Cir. 1996), petition for cert. filed, (U.S. June 25, 1997); United States v. Ronning, 47 F.3d 710, 711-13 (5th Cir. 1995). Therefore, the sentence imposed by the district court was clearly erroneous and is VACATED. The case is REMANDED[1] to the district court for resentencing.

VACATED AND REMANDED.

---

[1]The sentencing range for Trevino-Rodriguez without the section 3B1.1 enhancement is 57 to 71 months. While the present sentence of 70 months falls within this range, it was the lowest possible term in the range (70-87 months) for the base offense level of 26 applied at the district court level. This indicates the district court's intent to impose the least harsh sentence available. Furthermore, the record is devoid of evidence that the district court would have imposed the same sentence absent the error. See United States v. Williams, 503 U.S. 193, 203-04 (1992). Thus, we will remand the case for resentencing rather than affirm for harmless error. See, e.g., United States v. Tello, 9 F.3d 1119, 1130-31 (5th Cir. 1993).